UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE C. BASSETT,

    Plaintiff,

v.

CHRYSLER RETIREMENT
BOARD,

    Defendant.

_____/

Case No. 14-cv-14311
Hon. Matthew F. Leitman

### ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF #2) AND DISMISSING PLAINTIFF'S COMPLAINT (ECF #1) WITHOUT PREJUDICE

On April 24, 2014, Plaintiff Willie C. Bassett ("Plaintiff") filed this action against Defendant Chrysler Retirement Board. Plaintiff's handwritten Complaint, in its entirety, reads as follows:

> I repayed [sic] an overpayment, which my retirement should have changed from early retirement to disability retirement after I received Social Security

(Complaint, ECF #1.)

Also on April 24, 2014, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs. (*See* the "Application," ECF #2.) In his Application, Plaintiff states that he has monthly income of $3,996.66. (*See id.* at 1.) Plaintiff also states that he has $200 in regular monthly expenses payable to

ABC Credit Union.  (*See id.* at 2.)  Plaintiff asserts that he has the following additional debts: $349.67 for car insurance; $184.75 relating to his car; and $600.00 in credit card debt.[1]  (*See id.*)  Plaintiff did not respond to the question in the Application that asked him to state the amount of money that he has in cash or in a checking or savings account.  (*See id.*)

Federal law allows a court to authorize a litigant to proceed without prepaying fees or costs, or *in forma pauperis*, when the litigant "submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. §1915(a)(1).  If an application to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the Court should grant the application.  *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990).  However, proceeding *in forma pauperis* "is a privilege, not a right."  *Ahmed v. City of Dearborn Heights*, No. 13-cv-11388, 2013 WL 1365770, at *1 (E.D. Mich. Apr. 4, 2013) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986)).  A district court has the discretion to grant or deny a plaintiff's application to proceed *in forma pauperis*.  *See Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

---

[1] It is not clear from the Application whether these additional debts are principal balances or monthly amounts due.

In this case, Plaintiff's Application is not facially sufficient to establish that he is unable to pay the applicable filing fee and costs.  Indeed, Plaintiff claims nearly $4,000 in monthly income, and his stated monthly expenses and debts are (at most) $1,334.42.  Furthermore, Plaintiff has provided no information on the amount of money that he has in cash or in a checking or savings account.  Under these circumstances, Plaintiff has simply not shown that he is unable to pay the applicable filing fee and costs.

Moreover, based on the allegations in the Complaint, the Court is unable determine whether Plaintiff has stated a claim for which relief can be granted or if the Court has subject-matter jurisdiction over the action.  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).  The Court has no jurisdiction when "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  In this case, Plaintiff's one-sentence, handwritten Complaint does not contain sufficient facts to state a claim or to establish this Court's subject-matter jurisdiction.  Indeed, the Court cannot discern the legal basis for Plaintiff's claim that his "retirement should have changed [an overpayment] from early retirement to disability retirement after [he] received Social Security."  (Compl.)  Accordingly, the Court will dismiss

Plaintiff's Complaint without prejudice for failure to state a claim for which relief may be granted and for lack of subject matter jurisdiction.

For all the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Application (ECF #2) is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 13, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113